IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

FRANCIS STEFFAN HAYES;                         Civ. No. 1:20-cv-01332-CL

           Plaintiff,                         **OPINION & ORDER**

    v.

STATE OF OREGON;
KATE BROWN,

           Defendants.
_____

AIKEN, District Judge.

    This case comes before the Court on Plaintiff's renewed Motion for Preliminary Injunction. ECF No. 40. The Court concludes that this motion is appropriate for resolution without oral argument. Local Rule 7-1(d)(1). Given the substantial similarity between the present motion and Plaintiff's previous unsuccessful injunction motions, the Court concludes that no further briefing is necessary. For the reasons set forth below, the motion is DENIED.

## BACKGROUND

    Oregon, along with the rest of the United States, has been in the grip of the COVID-19 pandemic since early 2020. Among the first measures adopted to combat the spread of the virus was a requirement that people wear masks while shopping indoors. On July 26, 2020, Plaintiff was refused entry to a farm store because he

was not wearing a mask. Am. Compl. ¶ 1. ECF No. 26. It is not clear whether the individuals who denied Plaintiff entry were store employees, but Plaintiff was subsequently charged with trespassing as a result of the incident. *Id.* at ¶¶ 1-2.

Plaintiff initially commenced this *pro se* action on August 7, 2020. ECF No. 1. On August 12, 2020, Plaintiff sought an emergency temporary restraining order ("TRO") enjoining the State of Oregon and Governor Kate Brown from issuing or enforcing any emergency provisions related to the COVID-19 pandemic. ECF No. 8. The Court denied the TRO motion by written order on the same day. ECF No. 9.

Over the course of the following week, Plaintiff filed a motion for reconsideration, motions to recuse, and a motion for preliminary injunction seeking to enjoin Oregon and Governor Brown from enforcing any provisions related to the pandemic. ECF Nos. 11, 12, 13, 14. On August 20, 2020, Plaintiff filed a Notice of Appeal concerning the denial of his TRO motion. ECF No. 15.

On February 3, 2021, the Court denied Plaintiff's various motions, including the motion for preliminary injunction. ECF No. 19.

On June 1, 2021, the Ninth Circuit affirmed the Court's denial of Plaintiff's TRO motion. ECF No. 25-1. On August 23, 2021, the Ninth Circuit denied Plaintiff's request for a rehearing *en banc*. ECF No. 23. The Ninth Circuit's mandate issued on September 2, 2021. ECF No. 25.

Plaintiff filed an Amended Complaint on September 21, 2021. ECF No. 26. Defendants filed their Answer on December 15, 2021. ECF No. 39. Plaintiff filed a renewed Motion for Preliminary Injunction on January 4, 2022. ECF No. 40.

## LEGAL STANDARD

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test, which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing of one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

## DISCUSSION

Plaintiff's Amended Complaint is substantially similar to his original Complaint. Once again, he challenges the emergency measures instituted by the Oregon government to respond to the COVID-19 pandemic and asserts that the

statutes authorizing the emergency measure are unconstitutionally vague and that the implementation of the measures has violated his rights. Plaintiff seeks an award of $100,000 for himself and $21 billion in punitive damages to be divided among the people of Oregon. In his renewed Motion for Preliminary Injunction, Plaintiff once again seeks to enjoin Defendants from implementing or enforcing the emergency measures instated to control the spread of COVID-19.

Applying the *Winter* factors, the Court concludes that Plaintiff has not demonstrated either a likelihood of success on the merits of his claims or even substantial questions going to the merits for much the same reasons as in the Court's denial of Plaintiff's prior motions. Plaintiff's claims are not clearly delineated in his Amended Complaint or in his Motion. For example, in his motion Plaintiff discusses the Equal Protection Clause, but does not appear to allege that he is being treated differently from similarly situated individuals. Plaintiff likewise discusses First Amendment rights in his motion, but no claim for violation of Plaintiff's First Amendment rights is apparent in the Amended Complaint. Plaintiff also appears to bring claims under various federal criminal statutes, which do not provide any private right of action.

Although Plaintiff contends that he will suffer irreparable harm in the infringement of his rights, the only concrete incident he alleges is his exclusion from the farm store in July 2020 for refusing to wear a mask while indoors. The Court concludes that Plaintiff has not made a sufficient showing of imminent irreparable harm.

Finally, the Court considers the balance of the equities and the public interest. When the government is a party, these last two factors of the preliminary injunction analysis will merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). Here, Plaintiff's requested relief is not aimed at preserving the existing status quo but instead requests a sweeping mandatory injunction to undo the Oregon government's efforts to restrain the spread of a highly contagious and deadly virus. The Court once again finds that the balance of the equities and the public interest tip sharply against the requested injunction.

In sum, the Court concludes that Plaintiff has not met his burden on any of the *Winter* factors and the Court denies Plaintiff's requested injunction.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Preliminary Injunction, ECF No. 40, is DENIED.

It is so ORDERED and DATED this ___10th___ day of January 2022.

        /s/Ann Aiken
        ANN AIKEN
        United States District Judge