IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

FRANCIS STEFFAN HAYES;                              Civ. No. 1:20-cv-01332-CL

           Plaintiff,                                    **OPINION & ORDER**

   v.

STATE OF OREGON;
KATE BROWN,

           Defendants.

_____

AIKEN, District Judge.

      This case comes before the Court on Plaintiff's Motion for Reconsideration. ECF No. 44. The Court concludes that this motion is appropriate for resolution without oral argument. Local Rule 7-1(d)(1). The motion is DENIED.

## LEGAL STANDARD

      A district court is permitted to reconsider and amend a previous order pursuant to Federal Rule of Civil Procedure 59(e). A motion for reconsideration, however, is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal citations omitted). Reconsideration is appropriate only of "the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly

Page 1 –OPINION & ORDER

unjust, or (3) if there is an intervening change in controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). However, "[m]otions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Shah v. Aerotek, Inc.*, Case No. 3:21-cv-422-SI, 2021 WL 3521142, at *1 (D. Or. Aug. 10, 2021) (internal quotation marks and citations omitted).

## DISCUSSION

In his motion, Plaintiff seeks reconsideration of the Court's Opinion and Order denying Plaintiff's renewed motion for preliminary injunction. ECF No. 43. Plaintiff asserts that the Court erred by applying the standards for a temporary restraining order to his motion for a preliminary injunction, but courts consider the same factors when ruling on a motion for an injunction whether the movant seeks a TRO or a preliminary injunction. *See Stuhlbarg Int'l Sales Co. Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the analysis for a TRO and a preliminary injunction are "substantially identical); *Pacific Kidney & Hypertension, LLC v. Kassakian*, 156 F. Supp.3d 1219, 1222 (D. Or. 2016) ("In deciding whether to grant a motion for a temporary restraining order ('TRO'), courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction."). The balance of Plaintiff's motion is largely given over to rehashing previously presented arguments. Plaintiff does not identify any newly discovered evidence or intervening change in law and the Court finds no reason to depart from its prior conclusion. Plaintiff's motion for reconsideration is therefore DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration, ECF No. 44, is DENIED.

It is so ORDERED and DATED this ___17th___ day of February 2022.

                                            /s/Ann Aiken
                                            ANN AIKEN
                                            United States District Judge